UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| In re | Case No. 12-00324 |
|---|---|
| DAVID WINSTON MORAGNE, | Chapter 7 |
| Debtor. | Re: Docket No. 50 |

# MEMORANDUM OF DECISION CONCERNING MOTION TO DISGORGE ATTORNEY FEES

One of the most important duties of debtors' counsel is to identify all creditors and provide their names and addresses to the court so proper notice can be given. This can be difficult because there are usually many creditors, some of whom may have multiple addresses, and the debtor's records are often inadequate. Nevertheless, proper notice is essential as a matter of fundamental due process and to ensure that the debtor's discharge is complete.

In this case, the debtor's counsel, Cain & Herren, inadvertently failed to update the court's mailing matrix after the firm discovered additional creditors. The firm made the same error in many other cases. As a result, the firm's clients may not have received full discharges and some creditors may have been prejudiced.

These facts are not disputed. This decision addresses the appropriate remedy.

# FACTS

All debtors in bankruptcy are required to provide a list, called the "mailing matrix," of the names and addresses of all creditors. The mailing matrix is a crucial document because the court relies upon it when mailing notices to creditors.

The debtor must give the court the mailing matrix by filing it in the court's docket <u>and</u> uploading it to the court's computer system in a particular electronic format. This is essential because the bankruptcy courts send notices to creditors using an automated, centralized facility called the Bankruptcy Noticing Center ("BNC"). The BNC system is highly efficient and has saved millions of dollars in mail processing costs. "Uploading" is the process by which the names and addresses of creditors are added to the database used by BNC. The court's local rules and its CM/ECF filing system clearly inform persons filing schedules (or amended schedules) of creditors that they must both file <u>and</u> upload a mailing matrix or amended mailing matrix. <u>See</u> LBR 1007-2(c), (e).

The debtor, represented by Cain & Herren, commenced this chapter 7 case on February 15, 2012. He did so by filing the minimum documents required: a petition, a credit counseling certificate, and a mailing matrix. The debtor listed only three creditors on his original petition and mailing matrix. Cain & Herren

2

U.S. Bankruptcy Court - Hawaii   #12-00324   Dkt # 89   Filed 07/02/13   Page 2 of 10

properly filed the petition and uploaded the mailing matrix.

At the commencement of the case, the court provided notice to these four creditors of the bankruptcy filing and the deadline to file a complaint objecting to the debtor's discharge or seeking a determination of the dischargeability of certain kinds of debt (the "complaints deadline"). The complaints deadline was May 21, 2012.

Cain & Herren timely filed the debtor's schedules and related documents on February 29, 2012. The schedules listed about fifteen creditors in total, only four of which were included in the original mailing matrix. Cain & Herren, however, did not file <u>or</u> upload an amended matrix in a timely manner, as required by the local rules. The additional creditors, therefore, did not receive notice of the bankruptcy case or the complaints deadline (until much later).

On March 21, 2012, Bank of Hawaii filed a reaffirmation agreement with the debtor, under which the debtor agreed to pay a car loan notwithstanding the discharge. The court's staff uploaded Bank of Hawaii to the mailing matrix.

On April 17, 2012, Cain & Herren amended the debtor's schedules of assets and exempt property. The amended schedule of assets stated that No Ka Oi Motors had a lien on one of the assets. Cain & Herren properly uploaded the name and address of No Ka Oi Motors to the mailing matrix. Cain & Herren still failed,

3

however, to upload the other omitted creditors.

The Office of the U.S. Trustee ("OUST") twice moved for extensions of the complaints deadline, arguing (among other things) that the debtor may not have listed all of his creditors and the omitted creditors did not receive notice of the case or the complaints deadline. The debtor did not oppose either motion and the court granted them. OUST, however, only requested extensions for itself and the case trustee, not creditors generally. Because Cain & Herren had not filed or uploaded an amended mailing matrix, the only creditors who received notice of the deadline were the original four plus Bank of Hawaii and No Ka Oi Motors. The omitted creditors had no notice of the bankruptcy case and did not even know that there was a complaints deadline.

After the extended complaints deadline passed, the court issued the debtor's discharge in the ordinary course.

In the meantime, the trustee determined that there were sufficient assets to provide a distribution to unsecured creditors. Therefore, on the trustee's request, the court set a deadline for proofs of claim (a "bar date"). Because Cain & Herren had not filed or uploaded an amended mailing matrix, the only parties who received notice of the bar date were the four creditors listed in the original mailing matrix plus Bank of Hawaii and No Ka Oi Motors.

U.S. Bankruptcy Court - Hawaii   #12-00324   Dkt # 89   Filed 07/02/13   Page 4 of 10

OUST noticed that the mailing matrix did not include all of the creditors identified in the amended schedules and contacted Cain & Herren about the issue. Cain & Herren initially responded that there was no discrepancy, but this is patently false. OUST persisted and Cain & Herren finally acknowledged that the matrix was incomplete. Finally, on July 26, 2012, Cain & Herren mailed to the omitted creditors a copy of the notice of the filing of the case and the complaints deadline. By this time, however, the complaints deadline applicable to all parties other than OUST and the case trustee – May 21, 2012 – had passed.

OUST decided to investigate whether Cain & Herren had made similar errors in other cases. It looked at all chapter 7 and chapter 13 cases filed by the firm between January 1, 2011 and June 30, 2012, where the initial schedules were filed seven days or more after the petition date. Out of 96 cases that met the search criteria, 48, or exactly half, had the same error as this case: Cain & Herren filed amended schedules but did not amend the mailing matrix. In some of these cases, the omitted creditors did not receive distributions which they would have received had they filed timely claims.

Cain & Herren acknowledged the existence of the problem and the firm's responsibility for it only belatedly and grudgingly. It has attempted to deflect responsibility to others. None of these attempts are persuasive:

5

U.S. Bankruptcy Court - Hawaii   #12-00324   Dkt # 89   Filed  07/02/13   Page 5 of 10

- Cain & Herren blamed its clients for failure to provide accurate creditor information. It is undoubtedly true that the client must provide accurate information to the attorney. The attorney must conduct a reasonable investigation before filing cases and papers, but it is difficult for the attorney independently to ferret out all of the debtor's creditors. Once the attorney learns of omitted creditors, however, it is the attorney's responsibility, not the debtor's, to ensure that the omitted creditors receive notice of the bankruptcy filing and related deadlines.

- Cain & Herren blamed its software provider for an allegedly faulty system. In truth, the system does exactly what it is supposed to do. Cain & Herren did not operate the system properly and assumed (without any basis) that the system would do things it was not designed to do (i.e., automatically upload the amended matrix for use by the BNC).

- Cain & Herren blamed OUST for failing to find Cain & Herren's mistake earlier and not considering the complexity and uniqueness of each case. This "stop me before I kill again" defense hardly merits a response.

After informal efforts to resolve the problem failed, OUST filed a motion to require Cain & Herren to disgorge its fees. Cain & Herren did not deny that the error had occurred, but repeated its attempt to shift blame to others and minimize

6

the consequences of its error. Cain & Herren even had the temerity to threaten rule 11 sanctions against OUST. (Cain & Herren has not followed through on this threat. This was a good decision. "Wisdom too often never comes, and so one ought not to reject it merely because it comes late." Henslee v. Union Planters Nat. Bank & Trust Co., 335 U.S. 595, 600 (1949) (Frankfurter, J., dissenting).)

The court held three hearings on the motion, instructing OUST and Cain & Herren to work together to find solutions to the problems. The parties were unable to agree.

## DISCUSSION

The debtor has a statutory duty to provide a list of creditors at the commencement of the bankruptcy case. 11 U.S.C. § 521(a) (2006); see also Fed. R. Bankr. P. 1007(a)(1) ( "the debtor shall file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E, F, G, and H as prescribed by the Official Forms."). The Local Rules provide that: "[a] person electronically filing a voluntary petition must upload the mailing matrix immediately after filing the petition." LBR 7001-2(c)(1). The debtor also bears responsibility for maintaining the accuracy of the creditor matrix and providing proper notice to any added creditors of the debtor. LBR 1007-2(e); 1009-1(c). Although these responsibilities ultimately lie with the debtor, the

U.S. Bankruptcy Court - Hawaii   #12-00324   Dkt # 89   Filed  07/02/13   Page 7 of 10

debtor's attorney is the one to complete these tasks and therefore bears some level of responsibility. See, e.g., In re McKain, 325 B.R. 842, 849 (Bankr. D. Neb. 2005); U.S. v. Thomas, 342 B.R. 758, 760-61 (S.D. Tex. 2005).

The consequences of a failure to amend the mailing matrix or otherwise provide notice to a creditor can be significant:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt -
>
> * * *
>
> (3) neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, or a creditor to whom such a debt is owed, in time to permit -
>
>> (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
>>
>> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debtor under one of such paragraphs, unless such creditor had notice or actual knowledge of the cas ein time for such timely filing and request[.]

11 U.S.C. § 523(a)(3).

OUST brings this motion to disgorge Cain & Herren's attorneys' fees

8

pursuant to section 329(b) of the Bankruptcy Code, arguing that, as a result of the errors, the fees exceed the reasonable value of the firm's services. That section provides, in pertinent part:

> If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to –
>
> * * *
>
> (2) the entity that made such payment.

11 U.S.C. §329(b). One purpose of disgorgement is to redress losses caused by insufficient work by counsel. See, e.g., Hale v. U.S. Trustee, 509 F.3d 1139, 1147 (9th Cir. 2007) (finding disgorgement under § 329(b) an appropriate remedy where attorneys prepared documents which were incomplete and erroneous). If disgorgement is not sufficient to remedy all of the harm, the court has power to grant further relief.

Disgorgement is appropriate here because Mr. Montagne may not get the most important relief that a consumer debtor seeks – the broadest discharge that the law permits. Because Cain & Herren did not deliver the most important benefit of bankruptcy (through no fault of the debtor), Cain & Herron should disgorge its entire fee.

But disgorgement may not be sufficient to remedy all of Mr. Montagne's

9

losses. Recovery of the fee he paid to Cain & Herren is insufficient to protect him against the risk that some of his debts may not be discharged.

The order entered with this decision is intended to mitigate the risks that Mr. Montagne faces. There is no obvious way to eliminate all of those risks, so the best that can be done at this point is to make sure that Mr. Montagne understands his situation and can react appropriately if and when any of the risks materializes.

Similarly, disgorgement in this case does nothing to help Cain & Herren's other clients who are also victims of the firm's mistake. I am also entering a separate order, in a new miscellaneous proceeding, to address those clients' situations.

\* \* \*

For the reasons stated, OUST's motion to disgorge attorneys' fees is GRANTED. The court will issue separate orders consistent with this memorandum of decision.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 07/02/2013